[COUNSEL LISTED ON FOLLOWING PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA PALERMO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br>v.<br>DASTMALCHI LLC d/b/a VANITY PLANET, a Nevada Limited Liability Company,<br><br>                  Defendant. | Case No. 8:18-cv-02144-DOC-KES<br><br>[Discovery Document: Referred to Magistrate Judge Karen E. Scott]<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. Karen E. Scott |

| | |
|---|---|
| 1 | **DLA PIPER LLP (US)** |
| | PERRIE M. WEINER (SBN 134146) |
| 2 | perrie.weiner@dlapiper.com |
| | ALEXANDER WOLF (SBN 299775) |
| 3 | alexander.wolf@dlapiper.com |
| | 2000 Avenue of the Stars, Suite 400 North Tower |
| 4 | Los Angeles, California 90067-4704 |
| | Telephone: 310.595.3000 |
| 5 | Facsimile: 310.595.3300 |
| 6 | EDWARD D. TOTINO (SBN 169237) |
| | edward.totino@dlapiper.com |
| 7 | 550 South Hope Street, Suite 2400 |
| | Los Angeles, California 90071-2678 |
| 8 | Telephone: 213.330.7700 |
| | Facsimile: 213.330.7701 |
| 9 | |
| | *Attorneys for Defendant* |
| 10 | DASTMALCHI LLC |
| 11 | **KAZEROUNI LAW GROUP, APC** |
| | Abbas Kazerounian, Esq. (SBN: 249203) |
| 12 | ak@kazlg.com |
| | Mona Amini, Esq. (SBN: 296829) |
| 13 | mona@kazlg.com |
| | 245 Fischer Avenue, Unit D1 |
| 14 | Costa Mesa, CA 92626 |
| | Telephone: (800) 400-6808 |
| 15 | Facsimile: (800) 520-5523 |
| 16 | **HYDE & SWIGART** |
| | Joshua B. Swigart, Esq. (SBN: 225557) |
| 17 | josh@westcoastlitigation.com |
| | 2221 Camino Del Rio South, Suite 101 |
| 18 | San Diego, CA 92108 |
| | Telephone: (619) 233-7770 |
| 19 | Facsimile: (619) 297-1022 |
| 20 | Hassan A. Zavareei, Esq.(CA SBN 181547) |
| | Andrea Gold (*pro hac vice forthcoming*) |
| 21 | **TYCKO & ZAVAREEI LLP** |
| | 1828 L. Street, NW, Suite 1000 |
| 22 | Washington, D.C 20036 |
| | Telephone: (202) 973-0900 |
| 23 | Facsimile: (202) 973-0950 |
| | hzavareei@tzlegal.com |
| 24 | agold@tzlegal.com |
| 25 | **SHAMIS & GENTILE, P.A.** |
| | Andrew J. Shamis, Esq. (FL Bar # 101754) |
| 26 | Florida Bar No. 101754 |
| | ashamis@shamisgentile.com |
| 27 | 14 NE 1stAvenue, Suite 1205 |
| | Miami, FL 33132 |
| 28 | Telephone: 305-479-2299 |

| | |
|---|---|
| 1 | **EDELSBERG LAW, P.A.**<br>Scott Edelsberg, Esq. (FL Bar # 100537) |
| 2 | scott@edelsberglaw.com<br>19495 Biscayne Blvd #607 |
| 3 | Aventura, FL 33180<br>Telephone: 305-975-3320 |
| 4 | |
| 5 | *Attorneys for Plaintiff,*<br>ALICIA PALERMO |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Plaintiff ALICIA PALERMO ("Plaintiff") and Defendant DASTMALCHI LLC d/b/a VANITY PLANET ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record in the above-entitled action, hereby STIPULATE AND AGREE, and accordingly request, that the Court enter the following Stipulated Protective Order ("Order"):

## 1. PURPOSES AND LIMITATIONS (GOOD CAUSE STATEMENT).

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information, such as trade secrets, customer information, pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2. DEFINITIONS**

2.1 <u>Party or Parties</u>: Alicia Palermo and Dastmalchi LLC, including all of their officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Document</u>: is defined as the term is used in Federal Rule of Civil Procedure 34(a).

2.3 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4 <u>"Confidential" Information or Items</u>: any Disclosure or Discovery Material that is Protected Material and qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c). Counsel shall not designate any Disclosure or Discovery Material as "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates Disclosure or Discovery Materials as "CONFIDENTIAL."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is non-public and has been designated as "CONFIDENTIAL," such as (1) proprietary information and specifications, including without limitation trainings, orientation materials, employee handbooks, sales information, payroll and budget information,

customer lists, customer names/identities, customer data, and profit and loss documents; (2) trade secrets; (3) confidential know-how; (4) proprietary business and financial information; (5) social security numbers, personal financial information, tax returns, driver's license numbers, medical records, addresses, telephone numbers, private personnel information, and other personal or private information; and (6) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a Party to this Action. The Parties will use reasonable care to avoid designating as "Protected Material" any Disclosure or Discovery Material that is in the public domain or does not fall into categories 1 through 6 of this subparagraph.

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.10 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and contractors. Professional Vendors includes a professional jury or trial consultant retained in this litigation.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to, or in, Court or in other settings that might reveal Protected Material, to the extent provided by law,

including federal, state, and local rules. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order regarding such use.

**4. DURATION**

4.1 <u>Effective Date</u>. Upon the signing of this Stipulation and Protective Order by the Court, this Protective Order shall apply as of the effective date and retroactively to all Protected Material produced in this litigation. The Parties agree to abide by the terms of this Order prior to its approval by the Court and whether or not it is ultimately approved by the Court.

4.2 <u>Effectiveness After Termination of Litigation</u>. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

~~4.3 <u>Jurisdiction</u>. This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the Action.~~

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited.

5.2 <u>Withdrawal of Designation</u>. If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do

not qualify for protection at all, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

        5.3.1    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must designate Protected Material as "CONFIDENTIAL" in accordance with the preceding paragraph.

        5.3.2    <u>for testimony given in deposition or in other pretrial proceedings</u>, a Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or, when it is impractical to specify portions entitled to protection, may simply invoke the right to designate specific portions as "CONFIDENTIAL."  Following the

deposition, the Designating Party shall have thirty (30) days after the transcript becomes available to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order, and those portions shall be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Prior to the expiration of the thirty (30) day period, the transcript shall be treated as "CONFIDENTIAL."

    5.3.3 <u>for information produced in some form other than documentary, including without limitation electronic and/or via CD-ROM or disc, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container(s) or disc in which the information or item is stored the legend "CONFIDENTIAL" The entirety of the data contained therein shall be treated as if each individual document resident therein were so marked, and any excerpts printed from any such electronically stored data shall be identified by the printing Party using the excerpt as "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

   5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5     Inconsistent Designations.  In the event a Party or non-party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the more restrictive designation on any copy once the inconsistent designation is known, pending resolution of the issue. Whichever Party or non-party (or its, his, or her counsel) first discovers such inconsistent designation shall promptly contact counsel for the other Party or non-party, whereupon counsel for the Parties or non-parties shall meet and confer in good faith to try to resolve which designation should apply to the inconsistently designated document(s).  If counsel cannot agree to resolve the inconsistent designation, such dispute shall be treated as a challenge to the more restrictive designation and resolved as provided in paragraph 6 of this Order.

**6.     CHALLENGING CONFIDENTIALITY  DESIGNATIONS**

6.1     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Designating Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2     Judicial Intervention.  After the parties have completed the meet and confer outlined above, if the parties cannot resolve their dispute, the Designating Party may, pursuant to the rules of this Court (including local joint stipulation requirements), file and serve a motion that identifies the disputed material and sets forth in detail the basis for the confidentiality designation.  Each such motion must

be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the challenge to the confidentiality designation that was given by the Challenging Party in the meet and confer dialogue. ***After meeting and conferring, the parties may use the court's telephonic hearing process instead of Local Rule 37-2.***

    6.3    <u>Burden on the Designating Party</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7. NOTICED MOTIONS AND FILING PROTECTED MATERIAL

    7.1    <u>Filing Material Designated Confidential Under Seal.</u> Without written permission from the Designating Party or a Court order, a Party may not file in the public record in this Action any material designated CONFIDENTIAL. A party seeking to file under seal any material designated CONFIDENTIAL must comply with L.R. 79-5. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Designating Party may be seeking to file material designated CONFIDENTIAL, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.

    For each individual document or piece of information a Party wishes to seal, the application to seal must explain why good cause (if the motion is not case-dispositive) or compelling reasons (if the motion is case-dispositive) exist to seal that particular document or piece of information. Conclusory statements – such as

that the information contains "confidential, sensitive financial information" – are insufficient to establish good cause or compelling reasons. ~~If the Court denies the application to seal, the Court will instruct the Party that filed the document to file an unredacted copy of the document within two (2) days of the Court's order.~~

      7.2    <u>Filing a Party's Own Protected Material</u>.  Any Party that wishes to file its own Protected Material with the Court and have that information sealed must submit an application to seal concurrently with the filing of the document containing the Protected Material.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      8.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION").

      8.2    <u>Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

           8.3.1    the Receiving Party's Counsel of record in this action, as well as employees and/or staff of said Counsel to whom it is reasonably necessary to disclose the information;

    8.3.2  In-House Counsel and their employees and/or staff to whom disclosure is reasonably necessary;

    8.3.3  named Plaintiff and the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

    8.3.4  third party actual or potential insurers and indemnitors and their counsel;

    8.3.5  experts (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    8.3.6  the Court and its personnel;

    8.3.7  court reporters, and their staffs to whom disclosure is reasonably necessary;

    8.3.8  Professional Vendors to whom disclosure is reasonably necessary;

    8.3.9  during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

    8.3.10  the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

**9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Materials designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a

copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Unless the Designating Party seeks such protection and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons return the Protected Material and execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**11.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party and all others bound by the "Acknowledgment and Agreement to be Bound" must, to the extent reasonably practicable, destroy all Protected Material or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, also to the Designating Party) by the sixty day deadline that verifies all the Protected Material that was returned or destroyed and that affirms that the Receiving Party, to the extent reasonably practicable, has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts (including deposition transcripts and exhibits thereto), legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 ("DURATION"), above.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding

12
[PROPOSED] STIPULATED PROTECTIVE ORDER

production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, such Party shall promptly return the information to the claiming Party or person and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The Party returning such material may then move the Court for an order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

## 13. RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future.

## 14. RIGHT TO ASSERT OBJECTIONS

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to the proposed introduction into evidence of any of the Protected Material covered by this Order.

## 15. MODIFICATIONS

This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice.

**IT IS SO STIPULATED.**

Dated: April 4, 2019                    **DLA PIPER LLP (US)**


                                        By /s/ Edward D. Totino
                                            EDWARD D. TOTINO
                                            Attorneys for Defendant
                                            DASTMALCHI LLC


Dated: April 4, 2019                    **TYCKO & ZAVARELLI LLP**


                                        By: /s/ Andrea Gold
                                            ANDREA GOLD (*pro hac vice*)
                                            One of the Attorneys for Plaintiff
                                            ALICIA PALERMO


Dated: April 4, 2019                    **KAZEROUNI LAW GROUP, APC**


                                        By: /s/ Abbas Kazerounian
                                            ABBAS KAZEROUNIAN
                                            One of the Attorneys for Plaintiff
                                            ALICIA PALERMO


Dated: April 4, 2019                    **HYDE & SWIGART**


                                        By: /s/ Joshua B. Swigart
                                            JOSHUA B. SWIGART
                                            One of the Attorneys for Plaintiff
                                            ALICIA PALERMO

| | | |
|---|---|---|
| Dated: April 4, 2019 | | **SHAMIS & GENTILE, P.A.** |
| | | By: */s/ Andrew J. Shamis* |
| | | ANDREW J. SHAMIS |
| | | One of the Attorneys for Plaintiff |
| | | ALICIA PALERMO |
| | | |
| Dated: April 4, 2019 | | **EDELSBERG LAW, P.A.** |
| | | By: */s/ Scott Edelsberg* |
| | | SCOTT EDELSBERG |
| | | One of the Attorneys for Plaintiff |
| | | ALICIA PALERMO |

## [~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order of the parties is hereby approved.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: <u>April 08, 2019</u>

*/s/ Karen E. Scott*

Hon. Karen E. Scott
U.S. Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Alicia Palermo v. Dastmalchi LLC,* Case No. 8:18-cv-02144-DOC-KES. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]

**Attestation of Concurrence in Filing**

I, Edward D. Totino, am the ECF user whose ID and password are being used to file the foregoing Stipulation. Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 4, 2019          **DLA PIPER LLP (US)**

By */s/ Edward D. Totino*
EDWARD D. TOTINO
Attorneys for Defendant
DASTMALCHI LLC